8827.　WILLIAMS v. FIRST NATIONAL BANK OF MILLEN.

BROYLES, P. J.　1.　Where a discharge in bankruptcy is pleaded as a de-fense to an action, and the plea is traversed, the burden is upon the de-fendant to prove his discharge; and, to carry this burden, he must put in evidence a certified copy of the order granting the discharge. Bank-ruptcy act of 1898, c. 541, § 21 (f), 30 Stat. 551 (U. S. Comp. St. 1916, § 9605). Under the foregoing ruling and the facts of this case,

the court did not err in refusing to sustain the plea of discharge in bankruptcy.

2. Where several persons sign a promissory note which reads, "We, or either of us, promise to pay," etc., it is a promise to pay jointly and severally. The legal holder of such a note can, at his pleasure, sue any one of the parties without suing the others. *Reid* v. *Flippen*, 47 *Ga.* 273. In the instant case the note was signed by a father and his two sons, and was a joint and several promise to pay; and judgment was duly obtained against all three. Thereafter, in this garnishment proceeding, one of the sons (the defendant in this case) filed an affidavit of illegality, on the ground that his father had not been legally served with process in the original suit. The defendant proved, by parol testimony, that he and his brother signed the note as sureties for their father, and that the latter was never legally served with process. Under these facts the court did not err in dismissing the affidavit of illegality, it appearing that the defendant and his brother had been legally served with process.

3. The court, sitting by consent without the intervention of a jury, did not err in rendering judgment against the defendant.

    *Judgment affirmed.* *Bloodworth and Harwell, JJ., concur.*
     DECIDED NOVEMBER 1, 1917.

Garnishment; from city court of Millen—Judge Dekle. April 19, 1917.

*Thomas L. Hill,* for plaintiff in error. *W. Woodrum,* contra.